IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARJORIE J. LEBO, | ) | CASE NO: 5:11CV1857 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID D. DOWD |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| IMPAC FUNDING CORP., et al., | ) | |
| | ) | **Memorandum Opinion and Order** |
| Defendants. | ) | |

At issue is whether the Court has subject matter jurisdiction over this case.[1]  Upon initial review of the complaint and removal papers, it appeared that there might be a question whether the amount in controversy exceeded $75,000, as required by 28 U.S.C. § 1332.  In an Order dated November 1, 2011, the Court, *sua sponte*, directed the parties to brief the issue of subject matter jurisdiction.  Doc. 12.  Upon review of the briefs, the Court is satisfied that more than $75,000 is at stake in this matter.

Defendants Impac Funding Corp. ("Impac") and Deutsche Bank National Trust Company, as Trustee under Pooling and Servicing Agreement dated as of June 6, 2002 PFCA Home Equity Investment Trust 2003-IFC3 ("Deutsche Bank") (collectively "Defendants")[2] removed the instant action from the Stark County Court of Common Pleas, citing diversity jurisdiction pursuant to 28 U.S.C. § 1332.  A case may be removed from state to federal court if the case could have originally been brought in the federal forum.  28 U.S.C. § 1441(a).  Federal

---

[1] The existence of subject matter jurisdiction may be raised at any time, by any party, or *sua sponte* by the court itself.  *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005).  The Court must be satisfied of its own jurisdiction to hear the claims presented and may address the lack of jurisdiction at any time during the course of an action.  *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998).

[2] It should be noted that one of the named Defendants, HomEq Servicing Corporation ("HomEq"), has not yet been served in this case.

district courts have original jurisdiction over civil actions between citizens of different states[3] where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). A defendant seeking removal has the burden of proving by a preponderance of the evidence that jurisdiction in the district court is proper. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993), *overruled on other grounds by Hertz Corp. v. Friend*, __ U.S. __, 130 S.Ct. 1181, 1193, 175 L.Ed.2d 1029 (2010). "[W]here plaintiffs seek 'to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000." *Everett v. Verizon Wireless*, 460 F.3d 818, 822 (6th Cir. 2006), *quoting Gafford*, 997 F.2d at 158.

In addition to compensatory damages, the Sixth Circuit has stated that, in determining the amount in controversy, courts must "take into account the ability of Plaintiff ... to recover punitive damages, unless it is apparent to a legal certainty that [punitive damages] can not be recovered." *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 408 (6th Cir. 2007) (internal quotation omitted). Under Ohio law, punitive damages are not available for a breach of contract claim. *DeCastro v. Wellston City School Dist. Bd. of Ed.*, 94 Ohio St.3d 197, 761 N.E.2d 612 (2002). However, punitive damages may be awarded in tort actions that involve fraud, actual malice, or insult. *Preston v. Murty*, 32 Ohio St. 3d 334, 512 N.E.2d 1174, 1175 (1987). The Sixth Circuit has also determined that "[a]s a general rule, attorneys' fees are excludable in determining the amount of controversy for purposes of diversity, unless the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007).

---

[3] It is undisputed that the citizenship of the parties is diverse.

Plaintiff asserts the following three counts in her Complaint: (1) breach of contract, against Impac (Count One); (2) fraud, against Impac (Count Two); and (3) an accounting, as to Deutsche Bank and HomeEq (Count Three). Plaintiff specifically pled punitive damages in her fraud claim. In addition, Plaintiff seeks an award of attorneys' fees on her breach of contract and fraud claims. However, neither party has directed the Court's attention to a contract or statute that mandates or expressly allows for attorneys' fees to be awarded in this case. Thus, in determining the amount in controversy, the Court will consider compensatory and punitive damages, but exclude attorneys' fees.

After reviewing the pleadings and the arguments of the parties as submitted in their briefs, the Court is satisfied that it has subject matter jurisdiction because the amount in controversy exceeds $75,000. On the face of the Complaint, Plaintiff seeks damages in an amount in excess of $25,000 on each of Counts One and Two, punitive damages on Count Two, and a refund of payments, penalties, fees, late charges, and other charges on Count Three. Considering only the lower end of the damages sought by Plaintiff, it is more likely than not that the jurisdictional amount is satisfied. On the fraud claim alone, if Plaintiff were awarded $25,000 as compensatory damages and twice that amount, or $50,000, as punitive damages, the total damages would be $75,000. Moreover, the damages sought by Plaintiff on her fraud claim can be aggregated with the damages she seeks on her other claims. *Compass Group USA, Inc. V. Eaton Rapids Pub. School*, No. 09-1033, 2009 WL 3294877, at *2 (6th Cir. 2009) (stating the court "may aggregate [the plaintiff's] tort and contract claims"). As such, a fair reading of the Complaint demonstrates that the unspecified damages sought would likely exceed $75,000, if proven. *See generally Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1277 (6th Cir. 1991) (noting that jurisdiction is determined by looking at the complaint at the time the

petition for removal was filed).  Accordingly, Defendants have met their burden of establishing that the amount in controversy more likely than not is greater than $75,000.

    IT IS SO ORDERED.

Dated: December 23, 2011

                                        Kathleen B. Burke
                                        United States Magistrate Judge